ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada  89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

*ELECTRONICALLY FILED*
*April 11, 2016*

Proposed Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br><br>ELITE ENERGY ENGINEERING, LLC,<br><br>                         Debtor.<br>_____/ | Case No. BK-16-50387-BTB<br>Chapter 11<br><br>**MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS**<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

Debtor, ELITE ENERGY ENGINEERING, LLC, (hereinafter "Elite" or "Debtor"), by and through its undersigned proposed counsel, ALAN R. SMITH, ESQ., hereby moves this Court for an order authorizing the sale of certain of the Debtor's assets to 7100 Group, LLC (hereinafter "Purchaser").  This motion is based upon 11 U.S.C. §363(b) and (f), Fed.R.Bank.P. 9019, the Points and Authorities set forth below, the **Declaration of W. Donald Gieseke** filed in support hereof, the pleadings and papers on file herein, and such other matters as may be presented at the hearing hereon.

**POINTS AND AUTHORITIES**

**A.    OVERVIEW OF MOTION**

This Motion seeks authority for the Debtor to sell virtually all of its personal property assets to Purchaser.  Generally, the assets of the Debtor primarily consist of machinery and

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd

equipment, as well as an inventory of materials, as more specifically described below. All of the personal property assets being sold relate to the company is business of manufacturing environmentally friendly generators, micro power plants, and energy management systems. The assets to be sold are described herein below. The purchase price is the sum of $300,000.00 cash, payable upon close of escrow.

**B.   THE PROPOSED SALE**

    **1.   Assets To Be Sold**

The assets to be sold consist of all the personal property owned by the Debtor, comprised of the equipment more specifically described in **Exhibit "A"** attached hereto, and the inventory used in the manufacturing process more specially described in **Exhibit "B"** attached hereto (collectively the "Sale Assets"). Although the product names are to be transferred as well, no patents or trade marks are to be sold pursuant to this motion.

    **2.   Description Of The Terms Of The Sale**

Attached hereto as **Exhibit "C"** is a fully executed copy of the Agreement For Purchase And Sale Of Elite Energy Engineering, LLC (hereinafter the "Agreement"). Under the Agreement, the Purchaser agrees to purchase the Sale Assets under certain terms and conditions which are summarized as follows:

    (a)   Payment of $300,000.00 cash upon close of escrow (See paragraph 3(a) of Agreement);

    (b)   Sale to be free and clear of all liens and encumbrances (See paragraph 8(a) of Agreement);

    (c)   Close of escrow to occur on or before 10 days following entry of an order approving the Agreement by the United States Bankruptcy Court in the above captioned case (See paragraph 3(a) of Agreement).

    **3.   Overbidding Allowed**

Overbidding shall be allowed at the hearing on approval of this Motion. Any overbidding shall be for the purchase of the Sale Assets as defined in this Motion. There has been no order sought or obtained dictating the manner in which overbidding may be

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd    - 2 -

1  conducted. The Court may consider overbids on terms similar to the Agreement, or different
2  from the Agreement, for cash, and for bid increments determined in the Court's discretion
3  at the time of the hearing. The Debtor will seek approval of the sale that is in the best
4  interest of the estate.

**4.     Description Of Lien Holders And Proposed Distribution**

There are certain creditors that have or may assert liens against the sale of assets. The following chart identifies UCC-1 Financing Statements that have been filed with the Nevada Secretary of State.

| Name of Creditor | Nature Of Security Interest | Approximate Amount of Secured Claim | Proposed Distribution Under This Motion |
|---|---|---|---|
| Elite AG Products Organization | UCC-1 Financing Statement, property not identified[1] | $100,000.00[2] | Unknown[3] |
| D. Keith Mooney | UCC-1 Financing Statement, most equipment of Debtor[1] | unidentified[2] | Unknown[3] |
| Turomont Cat | UCC-1 Financing Statement, certain Caterpillar machinery[1] | unidentified[2] | Unknown[3] |

The Debtor has conducted an investigation of the secured claims through the Nevada Secretary of State. However, the Debtor has been unable to obtain the underlying documentation for each alleged secured creditor, specifically the promissory note, security agreement, and balance owed.

The distribution to the secured creditors is listed as unknown. The Debtor intends to object to each of the secured claims on the basis that either the secured claims are not perfected, or the secured claims are preferential and may be set aside pursuant to §547 of the Bankruptcy Code.

---

[1] Debtor does not have possession of promissory note or security agreement.

[2] Debtor has been unable to determine balance owed.

[3] Debtor intends to object to perfection of secured claims , or to seek to avoid perfections as a preference.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd    - 3 -

**5.     Marketing Efforts And Valuation**

W. Donald Gieseke ("Gieseke" or "Trustee") was appointed as Interim Chapter 11 Trustee for the case of In re: Wattenberg Oil and Gas Investment Group, LLC, bankruptcy case BK-N-15-51635-BTB ("Wattenberg" or the "Wattenberg Case"). The Debtor herein is the wholly owned subsidiary of Wattenberg, and since Gieseke is the Trustee of Wattenberg, Gieseke is currently the sole manager of the Debtor.

Gieseke has conducted a complete investigation of the assets of the Debtor and has had communications with at least two other potential purchasers of the assets, as well as a scrap vendor, who have been informed of this Motion. *See* Declaration of W. Donald Gieseke in Support of Motion to Sell of Assets Free and Clear of Liens (the "Gieseke Declaration"). Gieseke has investigated the assets, has obtained a list of the assets, and has consulted with an auctioneer concerning the possible sale of the personal property at auction. *See* Gieseke Declaration. In Gieseke's opinion, a greater value for the assets may be obtained by a sale of the assets without conducting an auction. *See* Gieseke Declaration. At least one other company desires to continue the operations of the Debtor. *See* Gieseke Declaration.

The following facts are based upon the Gieseke Declaration. The Debtor has no available cash. The lease is in default. Certain key employees are on the verge of disassociating from the company for lack of payment, and the loss of such employees could decrease the value of the Debtor. The assets are currently uninsured, and the Debtor has no proceeds with which to obtain insurance. Accordingly, the Debtor sought an order shortening time to approve the sale. All entities that may have an interest in purchasing the assets have been notified of the proposed sale and invited to overbid.

**6.     No Agreements With Management Or Key Employees**

To Debtor's knowledge, the Purchaser has not entered into any agreements with management, key employees, or other employees of the Debtor. However, the Trustee has been informed that the Purchaser does intend to retain some employees, but is unaware of the terms or conditions of such employment. *See* Gieseke Declaration.

**Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579**

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd    - 4 -

1  ///

2  **7.    Debtor Retains Books And Records**

3  The books and records of the Debtor are not to be sold under the proposed sale, and
4  will be retained by the Debtor in order to assist in administering the bankruptcy estate.

5  **8.    Debtor Retains Right To Proceed With Avoidance Actions**

6  The proposed sale does not in any way affect the Debtor's right to proceed with
7  avoidance actions, or any other actions against any of the creditors or parties of the Debtor.

8  **9.    Request For Finding That Sale Is In Good Faith**

9  The Debtor requests a finding by the Court that the Agreement has been entered into
10 in good faith, and that in consummating the sale the parties are acting in good faith.

11 **10.    Assumption and Assignment Of Executory Contracts**

12 The proposed sale does not contemplate the assumption or assignment of any
13 executory contracts. However, the Debtor has been informed that the Purchaser may employ
14 certain employees, on terms and conditions unknown to Gieseke, and may either cure or
15 negotiate a new lease with the landlord, again on terms and conditions unknown to Gieseke

16 **11.    Sale of Property Free And Clear Of Liens Under 11 U.S.C. § 363(f)**

17 Once the Court determines that a valid business justification exists for the sale, thus
18 permitting the sale of estate assets prior to confirmation of a plan of reorganization, the Court
19 must determine whether such a sale can be made free and clear of existing liens. Section
20 363(f) of the Bankruptcy Code governs the sale of property of the estate free and clear of
21 liens and provides, in pertinent part, the following:

22 > (f)  The trustee may sell property under subsection (b) and (c) of this section free and clear of any interest in such property of an entity other than the estate only if –
23
24 > (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;
25
26 > (2)    such entity consents;
27 > (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

28

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd      - 5 -

(4) such interest is in bona fide dispute; and

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens. See, e.g., Citicorp Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.), 178 B.R. 198, 203, n.7 (9th Cir. BAP 1995); Citicorp Homeowners Svcs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 355 (Bankr. E.D. Pa. 1988).

Pursuant to Section 363(f)(2), to the extent a secured creditor or lienholder that receives notice does not file a written objection to this Motion, such party should be deemed to have consented to the sale of the assets. See In re Metropolitan Mortgage & Securities Co., 2007 WL 2277573 at *4 (Bankr. E.D. Wash. 2007); In re Congoleum Corp., 2007 WL 1428477 at *1 (Bankr. D.N.J. 2007); In re Elliot, 94 B.R. at 345-46.

Certain alleged secured claims have been identified above. Such liens are in dispute on the basis that the Debtor has not obtained all documentation supporting the perfection of the security interests, and, in any event, the perfection of any such security interests occurred within the preference period and are overbidable. The Debtor proposes that the sale proceeds be held in segregated account pending objections to the alleged secured claims against the Debtor or prosecution of an avoidance action against such creditors. Following the conclusions of such events, the order of priority in which the proceeds from the sale shall be distributed may be determined.

C. **CONCLUSION**

Debtor submits that the proposed sale should be approved. The sale is for fair value based upon what is the standard in the industry for the sale of assets of this type. The assets have been marketed as best as possible by the Debtor, in light of the circumstances requiring a prompt sale. The sale is subject to overbid, and any other entities that might express an interest have been provided notice of the sale. Attached hereto as **Exhibit "D"** is the

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd    - 6 -

proposed Findings of Fact, Conclusions of Law, and Order Approving Motion To Sell Assets Free and Clear of Liens.

**DATED** this 11th day of April, 2016.

LAW OFFICES OF ALAN R. SMITH

By: */s/ Alan R. Smith*
ALAN R. SMITH, ESQ.
Attorney for Debtor

**Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579**

H:\Elite Energy Engineering\Mot Sell\Mot Sell Assets 041116-rmb.wpd    - 7 -